Filed 7/23/21  P. v. Resendez CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B306040 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. VA087669 |
| JOSE ISABEL RESENDEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge. Reversed and remanded with instructions.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Roberta L. Davis and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), effective January 1, 2019, amended the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder. Under Penal Code section 1170.95,[1] a person who was convicted under theories of felony murder or murder under the natural and probable consequences doctrine, and who could not be convicted of murder following the enactment of SB 1437, may petition the sentencing court to vacate the conviction and resentence on any remaining counts.

In 2009, defendant and appellant Jose Isabel Resendez pled guilty to second-degree murder. In 2019, he filed a petition for recall and resentencing under section 1170.95. The trial court denied the petition, concluding that although Resendez was convicted under a felony-murder theory, a review of the facts showed he was a major participant in the underlying robbery who acted with reckless indifference to human life. The court made this factual determination without first issuing an order to show cause and holding an evidentiary hearing.

On appeal, Resendez argues because he was convicted under the felony-murder rule, he therefore made a prima facie showing of entitlement to relief under section 1170.95, and the trial court erred by concluding he was a major participant who acted with reckless indifference to human life without first issuing an order to show cause and holding an evidentiary hearing. The Attorney General agrees that the trial court erred in this regard. We agree with the parties and reverse the denial of

---

1       All undesignated statutory references are to the Penal Code.

2

Resendez's petition. On remand, the trial court is directed to issue an order to show cause and hold an evidentiary hearing on whether Resendez is entitled to relief under section 1170.95. At this hearing, the parties may introduce new or additional evidence on whether Resendez was a major participant in the robbery who acted with reckless indifference to human life.

## BACKGROUND

In 2009, Resendez pled guilty to second degree murder (§ 187, subd. (a)) in exchange for his testimony at the trial of codefendant Leonardo Cisneros. In 2014, after Cisneros's trial, the court sentenced Resendez to 15 years to life in state prison.[2]

In 2019, Resendez filed a petition for resentencing under section 1170.95. The prosecution filed an opposition, which included a transcript of Resendez's testimony from Cisneros's trial. The prosecution acknowledged Resendez had been convicted under the felony-murder rule, but argued he was a major participant in the underlying robbery who acted with reckless indifference to human life. Resendez's attorney filed a reply.

The trial court denied Resendez's petition. It concluded Resendez had not made a prima facie showing of entitlement to relief because the facts showed he was a major participant who acted with reckless indifference to human life. Resendez timely appealed.

---

2    Cisneros was sentenced to death. His automatic appeal is pending before the California Supreme Court in case number S221158.

3

## DISCUSSION

**The Trial Court Is Directed to Issue An Order to Show Cause and Hold An Evidentiary Hearing to Determine Whether Resendez Is Entitled to Section 1170.95 Relief**

### A. Governing Principles

#### 1. SB 1437's Limitation of Accomplice Liability for Murder

The Legislature enacted SB 1437 "to amend the felony-murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) SB 1437 amended section 189 to provide that a participant in qualifying felonies during which death occurs generally will not be liable for murder unless the person was (1) "the actual killer," (2) a direct aider and abettor in first degree murder, or (3) "a major participant in the underlying felony [who] acted with reckless indifference to human life[.]" (§ 189, subd. (e).)[3]

SB 1437 also "added a crucial limitation to section 188's definition of malice for purposes of the crime of murder." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 326, fn. omitted, rev. granted, S260493, Mar. 18, 2020 (*Verdugo*).) Under new section

---

3    This limitation does not apply "when the victim is a peace officer who was killed while in the course of the peace officer's duties, where the defendant knew or reasonably should have known that the victim was a peace officer engaged in the performance of the peace officer's duties." (§ 189, subd. (f).)

188, subdivision (a)(3), "'[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' [Citations.]" (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1135, fn. omitted (*Lewis*), rev. granted, S260598, Mar. 18, 2020.)[4] "As a result, the natural and probable consequences doctrine can no longer be used to support a murder conviction. [Citations.]" (*Ibid.*)

### 2. Petitions to Vacate Prior Convictions

SB 1437 also added section 1170.95 to the Penal Code. This section permits individuals who were convicted of felony murder or murder under a natural and probable consequences theory, but who could not be convicted of murder following SB 1437's changes to sections 188 and 189, to petition the sentencing court to vacate the conviction and resentence on any remaining counts. (§ 1170.95, subd. (a).) A petition for relief under section 1170.95 must include: "(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether

---

4      The review order in *People v. Lewis* states: "The issues to be briefed and argued are limited to the following: (1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95? (2) When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)." (*Lewis*, S260598, Supreme Court Mins. Mar. 18, 2020.) The review order in *Verdugo* states: "Further action in this matter is deferred pending consideration and disposition of a related issue in *People v. Lewis*, S260598 (see Cal. Rules of Court, rule 8.512(d)(2)), or pending further order of the court." (*Verdugo*, S260493, Supreme Court Mins., Mar. 18, 2020.)

the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1).) If any of the information is missing "and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

If the petition contains the required information, section 1170.95, subdivision (c), prescribes "a two-step process" for the court to determine if it should issue an order to show cause. (*Verdugo*, *supra*, 44 Cal.App.5th at p. 327.) First, the court must "review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) If the petitioner has made this initial prima facie showing, and has requested that counsel be appointed, he or she is then entitled to appointed counsel. (*Ibid.*; *Lewis*, *supra*, 43 Cal.App.5th at p. 1140 ["trial court's duty to appoint counsel does not arise unless and until the court makes the threshold determination that petitioner 'falls within the provisions' of the statute."].) The court then reviews the petition a second time. If, in light of the parties' briefing, it concludes the petitioner has made a prima facie showing that he or she is entitled to relief, it must issue an order to show cause. (§ 1170.95, subd. (c); *Verdugo*, *supra*, 44 Cal.App.5th at p. 328.)

"Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 327, citing § 1170.95, subd. (d)(1).) At the hearing, the parties may rely on the record of conviction or present "new or additional evidence" to support their positions, and "the burden of proof

6

shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

## B. Analysis

Because the issue presented in this appeal is a pure question of law concerning the procedures section 1170.95 affords, we apply a de novo standard of review. (See *In re T.B.* (2009) 172 Cal.App.4th 125, 129-130.) We agree with the parties that the trial court erred by concluding Resendez was a major participant who acted with reckless indifference to human life without first issuing an order to show cause and holding an evidentiary hearing. In assessing whether a petitioner has made a prima facie showing of entitlement to relief under section 1170.95, "the trial court should not weigh evidence or make credibility determinations." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 968.) "At this stage of the petition review process, governed by section 1170.95(c), the trial court should not have engaged in this factfinding without first issuing an order to show cause and allowing the parties to present evidence at a hearing, as described in section 1170.95, subdivision (d)." (*Id.* at p. 982, fn. omitted.) We therefore reverse the trial court's order denying the petition and remand with directions to issue an order to show cause under section 1170.95, subdivision (c) and hold a hearing under section 1170.95, subdivision (d). We express no opinion concerning Resendez's entitlement to relief following the hearing.

7

## DISPOSITION

The order denying Resendez's section 1170.95 petition is reversed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**




CURREY, J.


We concur:



MANELLA, P.J.



COLLINS, J.

8